### LEHRER et al. v. WALCOFF et al.

(Supreme Court, Appellate Term. April 24, 1905.)

PARTIES—ADDITION—AMENDMENT.

> The mere entry of an order at the close of plaintiffs' case that a third person be made a party defendant, without any actual amendment of the pleadings, or allegation therein relating to him, or any appearance on the record or issue joined as to him, was ineffective to make him a party.

> [Ed. Note.—For cases in point, see vol. 37; Cent. Dig. Parties, §§ 84, 85.]

Appeal from City Court of New York, Trial Term.

Action by Julius Lehrer and another against Isaac Walcoff and another. From a City Court judgment in favor of plaintiffs, and from orders amending the judgment, bringing in a third defendant, defendants appeal. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Stern & Reid (Edward W. S. Johnston, of counsel), for appellants.

Louis Diamant (I. Siegel, of counsel), for respondents.

GREENBAUM, J. This action was brought to recover damages for the breach of a contract to deliver goods. The plaintiffs sued Isaac Walcoff and Max Udell, alleging that they were copartners in business under the firm name and style of Walcoff, Udell & Co. The answer alleged that the contract, if any was entered into, was made with the defendants jointly with one Nathan H. Walcoff, and not with the defendants alone, and that the said Nathan H. Walcoff should have been joined as a party defendant. Upon the trial, at the end of the plaintiffs' case, the court granted a motion, then made, to add Nathan H. Walcoff as a party defendant, and an order to that effect was subsequently made. The judgment which was entered upon the verdict of a jury in favor of the plaintiffs for $1,278.36 was amended so as to read that plaintiffs recover "against Isaac Walcoff personally, and jointly against Isaac Walcoff, Max Udell, and Nathan H. Walcoff, composing the firm of Walcoff, Udell & Co."

It may be conceded that the City Court of the city of New York has the power to grant the amendment, upon proper application, under the provisions of the Code, bringing in additional parties; but it seems to be settled beyond question that the procedure adopted upon the trial of this action cannot be sanctioned. The case of Hood v. Hood, 85 N. Y. 561, 580, is decisive upon this point, and the following quotation from that decision, taken from page 580, may be timely:

> "The mere direction that those parties be brought in immediately did not bring them in. They were not represented on the trial by attorney, nor were the defendants afforded any opportunity to answer the amended complaint. The defendants were entitled to set up any defense they might have as against Frank Bros., and also to have them made parties in such a manner as to bind them by the judgment. The mere verbal order of the court upon the trial, without any actual amendment of the pleadings, or any allegations in the

pleadings relating to the new parties, or any appearance on the record for them, or issue joined as to them, did not make them parties on the record, so that they would be bound."

The judgment and order must be reversed, with one bill of costs to the appellants to abide the event, and a new trial granted. All concur.